UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LEE DeNOYER,

Plaintiff,

v.

NOBLES COUNTY JAIL,

Defendant.

Civil File No. 00-342 (MJD/AJB)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Lino Lakes, Minnesota, commenced this action on February 14, 2000, by filing a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

FILED FEB 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application is accompanied by various records indicating the recent activity of his inmate trust account. It appears from those records that Plaintiff's average monthly deposit during the preceding six months was $43.15. Although the average monthly balance of his account during the past six months is not altogether clear, it is clear that his average monthly balance must have been less than his average monthly deposit. That being the case, Plaintiff's initial partial filing fee will be twenty

percent (20%) of the average monthly deposits, which is $8.63, ($43.15 x 20% = $8.63). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that even if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that summonses be issued and that Defendant be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within thirty (30) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

---

[1] At first glance, it seems very unlikely that Plaintiff's current pleading can survive the initial screening process prescribed by § 1915A, for two reasons. First, the only named Defendant in this case, "Nobles County Jail," does not appear to be a separate and distinct legal entity that can be sued as such. Second, even if "Nobles County Jail" is a suable entity, the complaint does not allege any wrongdoing on the part of the Jail itself; rather it appears that Plaintiff is seeking to hold the Jail vicariously liable for the allegedly unconstitutional actions of Jail employees. Vicarious liability, however, is not a viable legal principle in cases brought under 42 U.S.C. § 1983. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Plaintiff was advised of both of these flaws in an order entered in a previous action that he brought in this District late last year. (DeNoyer v. Nobles County, 99-1729 (MJD/AJB); Order dated November 9, 1999, [Docket No. 3].) It appears, however, that Plaintiff has made no effort to overcome the pleading defects that were previously called to his attention. He is therefore at risk of having his current pleading summarily dismissed pursuant to 28 U.S.C. § 1915A(b), (assuming that he pays his initial partial filing fee pursuant to § 1915(b)(1), so that his case can proceed to the initial screening stage prescribed by § 1915A).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $8.63, failing which it will be recommended that the action be dismissed without prejudice.

Dated: February 23rd, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge