UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LEE DeNOYER,

Plaintiff,

v.

NOBLES COUNTY JAIL,

Defendant.

Civil No. 00-342 (MJD/AJB)

**ORDER**

Plaintiff, a prisoner of the State of Minnesota, is seeking relief for violations of his federal constitutional rights that allegedly occurred while he was incarcerated at the Nobles County Jail. The matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)

Plaintiff's IFP application will be GRANTED, which means that he will be excused from pre-paying the full $150 filing fee for this action. However, Plaintiff will still be required to pay the unpaid balance of the filing fee in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Plaintiff has paid an initial partial filing fee of $8.63, so he will have to pay the remaining balance of $141.37 using the installment method prescribed by 28 U.S.C. § 1914(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

FILED 4/3/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Ordinarily, at this stage of the proceedings, the Court would "screen" Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), to determine whether it states a claim on which relief can be granted. In this case, however, Plaintiff has recently submitted a document entitled "Amendment Pleading," (Docket No. 7), which seems to indicate that Plaintiff wants to amend his complaint. In light of Plaintiff's apparent desire to amend his pleading, the screening process prescribed by § 1915A will not be performed at this time.

The "Amendment Pleading" itself will not be accepted as an amended complaint, however, for two reasons. First, the "Amendment Pleading" does not comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading,... must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Second, the "Amendment Pleading" does not comply with Local Rule 9.3, which requires that prisoner civil rights complaints must be submitted on the form prescribed for use in this District.[1]

Because Plaintiff has failed to comply with the applicable local rules, his "Amendment Pleading" will be stricken. Plaintiff will be granted leave to file an amended complaint, however, if he still wishes to do so. If Plaintiff elects to file an amended complaint, he must submit an entirely new pleading, to be clearly labeled "Amended Complaint." The amended complaint must be submitted on the complaint form prescribed for use in this District, and it must not refer to, or otherwise attempt to incorporate, anything in any of Plaintiff's previous submissions. Plaintiff may add new defendants in an

---

[1] Plaintiff is obviously familiar with the prescribed pleading form, because his original complaint is set forth on that form.

amended complaint, but he if he does so, he must include specific factual allegations that clearly describe what each individual defendant is accused of having done or failed to do. If Plaintiff has not filed an amended complaint by April 21, 2000, he will be deemed to have waived the opportunity to do so, and the Court will then evaluate his original complaint pursuant to 28 U.S.C. § 1915A.[2]

The Court will defer any ruling on Plaintiff's request for appointment of counsel, (Docket No. 8), until after it becomes clear whether he intends to file an amended complaint.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, namely $141.37, in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. Plaintiff's "Amendment Pleading," (Docket No. 7), is STRICKEN; and

4. Plaintiff shall have until April 21, 2000, to file an amended complaint that conforms to the requirements prescribed by the Court herein, and if he fails to do so, the

---

[2] The Court has already noted that Plaintiff's original pleading may not survive § 1915A's initial screening process, because (1) the sole named Defendant, (Nobles County Jail), does not appear to be a suable entity, and (2) Plaintiff's claims against the Jail appear to be based on the theory of respondeat superior, which is not available in § 1983 actions. (See Order dated February 23, 2000, [Docket No. 3], p. 3, fn. 1.)

Court will then evaluate the adequacy of his original complaint pursuant to 28 U.S.C. § 1915A.

Dated: ~~March~~ April 3rd, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge