UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LEE DeNOYER,

Plaintiff,

v.

DUANE ROGERS and
NOBLES COUNTY,

Defendant.

Civil No. 00-342 (MJD/AJB)

**ORDER**

Plaintiff, a prisoner of the State of Minnesota, is seeking relief for violations of his federal constitutional rights that allegedly occurred while he was incarcerated at the Nobles County Jail. By order dated April 3, 2000, (Docket No. 9), this Court ruled that Plaintiff would be granted leave to proceed in forma pauperis, ("IFP"), in this matter. However, the Clerk was not directed to issue a summons and the Marshal was not directed to serve the Defendants, because it appeared that Plaintiff wished to amend his original pleading. Plaintiff was given an opportunity to file an Amended Complaint, and he did so on April 19, 2000. (Docket No. 11.)

In a Report and Recommendation entered contemporaneously with this order, the Court has recommended that Plaintiff's claims against Defendant Nobles County should be dismissed pursuant to 28 U.S.C. § 1915A(b). However, the Court will defer any ruling on the adequacy of Plaintiff's claims against Duane Rogers -- the only other Defendant named in Plaintiff's Amended Complaint.

The Clerk will be directed to issue a summons in this matter, and the U.S. Marshal will be directed to serve the summons and a copy of the Amended Complaint on Defendant

MAY 02 2000
FILED
F... ...AL. CLERK
JUDG...
DEPUTY CLERK

Duane Rogers. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). If Defendant is served, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Amended Complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

Finally, the Court notes that Plaintiff has filed a motion seeking appointment of counsel, which must also be addressed. (Docket No. 8.) 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases; rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's motion for appointment of counsel will therefore be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. A Summons shall be issued by the Clerk of Court, and the U.S. Marshal shall serve the summons and a copy of Plaintiff's Amended Complaint on Defendant Duane Rogers;

2. A copy of this order shall be served by the Marshal with the summons and Amended Complaint;

3. If service of process is effected on Defendant Duane Rogers, he shall be required to file a response to Plaintiff's Amended Complaint; and

4. Plaintiff's Motion For Appointment Of Counsel, (Docket No. 8), is DENIED.

Dated: May 2, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge