UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LEE DeNOYER,

Plaintiff,

v.

DUANE ROGERS and
NOBLES COUNTY,

Defendant.

Civil No. 00-342 (MJD/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner of the State of Minnesota, has filed an action under 42 U.S.C. § 1983. The matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's Amended Complaint be dismissed as to Defendant Nobles County pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff alleges in his Amended Complaint, (Docket No. 11), that he did not receive proper medical care for certain dental problems and chest pains that occurred while he was incarcerated in the Nobles County jail during 1997 and 1998. He contends that Defendant Duane Rogers and other Nobles County employees were responsible for providing the medical treatment that he allegedly needed. He is presently attempting to sue Rogers and Nobles County for allegedly violating his federal constitutional rights under the Eighth and Fourteenth Amendments, by deliberately ignoring his medical needs. He is asking to Court to award him a total of $260,000 -- $1000 for each day that he was confined in the Nobles County jail.

FILED MAY 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental agencies and employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against governmental agencies and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of Plaintiff's pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the claims against Defendant Nobles County must be dismissed pursuant to § 1915A(b)(1), because Plaintiff has failed to state an actionable claim against this Defendant.

Plaintiff has not pleaded an actionable claim against Defendant Nobles County because he has not identified any act or omission attributable to the County that could cause it to be liable to Plaintiff under 42 U.S.C. § 1983. Instead, Plaintiff alleges only that "I have included the county of Nobles... as a defendant because the Jail Administrator is acting within the capacity of the employment created by, and for, the county of Nobles." (Amended Complaint, [Docket No. 11], Addendum ¶ 15.) Thus, it is readily apparent that Plaintiff is attempting to sue the County based solely on the doctrine of respondeat superior. In other words, he is claiming that the County should be held vicariously liable, by operation of law for the alleged errors and omissions of County employees.

It is well-settled, however, that municipal employers cannot be held vicariously liable

for civil rights violations allegedly committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to § 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).[1] To state an actionable civil rights claim against a municipal defendant, such as Nobles County, a plaintiff must plead, (and ultimately prove), that his or her constitutional rights were violated as a result of some policy or custom adopted by the municipal defendant. City of Canton v. Harris, 489 U.S. 378, 386-87 (1989). Furthermore, the plaintiff must set forth more than conclusory allegations; there must be factual allegations describing the specific policy or custom at issue, or the specific nature of some alleged training deficiency. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion) (an actionable policy or custom, or failure to train, cannot be inferred from a single instance of unconstitutional activity); see also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

In this case, Plaintiff has not adequately alleged that his claims against Nobles County are traceable to any specifically identifiable policy or custom for which the County itself is responsible. Plaintiff's conclusory contention that the County's employees violated his constitutional rights will not, by itself, support a cognizable § 1983 claim for relief. The Amended Complaint must therefore be dismissed as to Nobles County.[2]

## III. RECOMMENDATION

---

[1] This legal rule was called to Plaintiff's attention in both of this Court's prior orders in this case. (Order dated February 23, 2000, [Docket No. 3], at p. 3, n. 1; Order dated April 3, 2000, [Docket No. 9], p. 3, n. 2.)

[2] The legal sufficiency of Plaintiff's claims against the sole remaining Defendant, Duane Rogers, cannot be determined at this time.

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendant Nobles County be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendant, Duane Rogers, be allowed to go forward at this time.

Dated: May 2, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.