**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

James Lee DeNoyer,

Plaintiff,

v.

Duane Rogers,

Defendant.

Civil No. 00-342 (MJD/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge for Report and Recommendation on defendant's motion for summary judgment dismissing the action [Docket No. 28]. Plaintiff filed a pro se amended complaint for violation of civil rights under 42 U.S.C. § 1983 [Docket No. 11]. The amended complaint alleges that defendant is responsible for unnecessary and unlawful delays with respect to plaintiff being provided treatment for medical and dental conditions while plaintiff was detained at the Nobles County Jail in Worthington, Minnesota, where defendant Duane Rogers is employed as the jail administrator. Plaintiff has submitted a response in opposition to summary judgment.

The amended complaint initially named defendant Rogers and Nobles County as co-defendants. Claims against Nobles County were summarily dismissed pursuant to 28 U.S.C.§ 1915A(b)(1) because those claims were based solely upon vicarious liability and could not be prosecuted as alleged in a Section 1983 action.[1] Monell v. Department of Social Services, 436

---

[1] Order of United States District Court Judge Michael J. Davis, dated March 26, 2001 [Docket No. 35], adopting Report and Recommendation of United States Magistrate Judge Arthur J. Boylan, dated May 2, 2000 [Docket No. 12].

FILED AUG 31 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978). The amended complaint does not explicitly state whether the remaining defendant is sued in his individual or his official capacity. The constitutional assertion which is the basis for plaintiff's claims is that defendant violated the Eighth Amendment prohibition against cruel and unusual punishment by exhibiting deliberate indifference to plaintiff's serious medical needs. For his relief plaintiff seeks monetary damages in the total amount of $260,000, representing $1,000 per day for each day that he was detained under the supervision of Nobles County Jail officials from November 30, 1997, to August 16, 1998.

Defendant Rogers moves for summary judgment dismissing all claims. Defendant first contends that plaintiff has failed to show that defendant had any personal involvement in the medical treatment matters which form the underlying factual basis for the complaint, and that he cannot be held liable in a Section 1983 action under *respondeat superior* or supervisory responsibility theories. Defendant further argues that the amended complaint must be construed as action against him in an official capacity only; that as a matter of law plaintiff cannot prove facts to support a claim of deliberate indifference to any of his medical or dental needs; and that defendant is entitled to qualified immunity from claims relating to health issues or complaints which were unknown to him. For reasons discussed below, the Court recommends that the defendant's motion for summary judgment be granted and that the amended complaint in this action be dismissed with prejudice.

## DISCUSSION

**<u>Background and Fact Allegations</u>**

Plaintiff James DeNoyer commenced this action on February 14, 2000, after

transfer from the Nobles County Jail, where he was being detained pending trial on state criminal charges, and while he was a Minnesota state prisoner incarcerated at Minnesota Correctional Facility–Lino Lakes. Defendant Duane Rogers is the jail administrator at the Nobles County facility.

The claims in this matter relate to three discrete medical or dental conditions that plaintiff experienced while being held at the jail, though there is an interrelationship to the extent the alleged conditions overlapped in time. Plaintiff's first claim is that he was denied treatment for an abscessed tooth. The prisoner contends that he advised a jail official that he was suffering from a painful dental condition on an intake questionnaire completed when he was first arrested and detained on November 30, 1997. Mr. DeNoyer asserts that his complaint was also transmitted through his public defender and an investigator for the public defender office, but he received no attention or relief until defendant Rogers brought him to a dentist and the offending tooth was extracted on January 5, 1998.

Plaintiff's second claim is that he was not provided proper treatment for a persistent ear ache. He acknowledges that he was transported to a hospital on April 7, 1998, in regard to an ear infection, and was prescribed medication at that time. However, the prisoner insists that after the medication expired, his medical needs were not met until he was transferred to MCF–St. Cloud on August 19, 1998, more than four months after the ear infection began.

Finally, Mr. DeNoyer claims that he experienced and reported repeated episodes of chest pains and shortness of breath over an extended period of time while he was at the Nobles County Jail. Plaintiff states that his complaints to jail officials regarding these pains were essentially ignored, at least until he was permitted to visit with a public health nurse on June 4,

1998. He alleges that defendant had a constitutional obligation to obtain a physician to attend to the matter and evaluate the potential for a heart attack, in light of the symptoms and a family history of heart problems. Plaintiff does not claim that he actually suffered a heart attack.

It is the prisoner's claim that defendant's actions, or non-actions, in regard to each of the above described medical or dental situations was a manifestation of deliberate indifference to his medical needs, and further, that defendant Duane Rogers, as the person responsible for the day-to-day administration and operations of Nobles County Jail, is an appropriate defendant. Defendant contends that the plaintiff has not provided sufficient evidence of personal involvement with respect to each situation and that he cannot be held liable on theories that rely upon supervisory or vicarious liability. Defendant also argues that the factual claims are insufficient to establish an Eighth Amendment violation as a matter of law, and that he is entitled to qualified immunity protection.

**Summary Judgment**

Defendant moves for summary judgment dismissing the complaint in this matter in its entirety. Plaintiff opposes the motion, asserting the existence of material fact issues and the absence of qualified immunity protection for this defendant. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56 (c), the burden shifts to the party opposing the motion to put forth evidence demonstrating that a trial is required because a

disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In satisfying this burden, however, the opposing party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita. at 586, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56 (e). Pro se pleadings should be given a liberal construction and held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

**Defenses**

**Qualified Immunity**. Defendant in this matter asserts that he entitled to qualified immunity from civil damages in his individual capacity based upon plaintiff's failure to allege violation of any clearly established statutory or constitutional right. The Supreme Court has long held that a state officer sued in his or her personal capacity under 42 U.S.C. § 1983 "may assert personal immunity defenses, such as objectively reasonable reliance on existing law." Hafer v. Melo 502 U.S. 21, 25; 112 S.Ct. 358, 362 (1991). Thus, government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages. Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985), citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In an action under Section 1983 action a public servant may be sued in an official capacity, an individual capacity or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Unless a complaint expressly and unambiguously states that a defendant is sued in an individual capacity, it will be assumed that the defendant is sued in only an official capacity. Id. Furthermore, a suit against a public employee in that person's official capacity is merely a suit against the public employer. Id., citing Kentucky v. Graham 473 U.S. 159, 165, 105 S.Ct. 3099, 3105-06 (1985). To recover damages in an official capacity suit, the plaintiff must look to the government entity. Kentucky v. Graham at 3105.

Review of the plaintiff's pleadings in this matter, including the initial complaint, the amended complaint, and plaintiff's response to defendant's motion for summary judgment, reveals no express or implicit assertion that defendant Rogers is being sued in his individual capacity. Furthermore, neither the pleadings nor plaintiff's supporting arguments allege actions by defendant Rogers which are clearly outside the scope of his official duties as Nobles County Jail administrator. The Court may therefore assume that the defendant is sued in his official capacity only. In effect, this suit is merely a suit against the public employer, Johnson v. Outboard Marine Corp., 172 F.3d at 535, and defendant cannot he held personally liable. However, qualified immunity is a defense available only to government employees sued in an individual capacity. Since the suit in this instance is construed as against the government employer, the issue of qualified immunity is simply not relevant and provides no basis for dismissing the lawsuit. Id.

**Personal Involvement**. Plaintiff in a Section 1983 action must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the

policy decision that created the unconstitutional basis for the allegations. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Absent direct personal involvement, the plaintiff must show that the particular defendant failed to properly train, supervise, direct, or control the subordinate who was directly involved in causing the alleged injury. Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). The amended complaint alleges that defendant Duane Rogers, as jail administrator, was required to have personal knowledge and to give attention to each of the medical situations which give rise to the claims in this case. Plaintiff contends that the jail administrator was required to give his approval for dental appointments, hospital visits, and nurse visits for prisoners, and that the jail administrator made transportation arrangements and was responsible for all day-to-day aspects of jail operations. The amended complaint does not describe any direct and palpable involvement of defendant Rogers in any of the medical situations, except to state that "Duane Rogers transported me to the dentist's office."[2]

Defendant insists that plaintiff has presented no allegations or evidence to support a claim that defendant was personally involved in treatment decisions regarding plaintiff's medical or dental conditions. To the contrary, however, the Court finds that plaintiff does effectively allege that defendant Rogers failed to properly direct or control other jail employees who are specifically alleged to have had personal knowledge of plaintiff's persistent pain from an abscessed tooth and an ear ache, as well as reports of repeated chest paints. Typically, a defendant's general responsibility for supervising prison operations is insufficient to establish the personal involvement necessary to support liability. Keeper v. King, 130 F.3d 1309, 1314 (8th

---

[2] Amended Complaint for Violation of Civil Rights, Statement of Claim, para. P.4. [Docket No. 11].

Cir. 1997) citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). With respect to the present circumstances, however, it is alleged from plaintiff's personal knowledge that the jail administrator was involved in day-to-day jail operations. It is further apparent that defendant was likely, if not certainly, aware of certain medical complaints that might have been made by prisoners at the Nobles County Jail, including complaints made by Mr. DeNoyer. In fact, defendant knew that plaintiff had dental issues and ultimately it was defendant Rogers who transported him to the dentist.[3] With respect to plaintiff's ear infection, defendant acknowledges his awareness that plaintiff was receiving medical attention,[4] though allegedly inadequate. While this evidence in not necessarily damning with respect to claims of deliberate indifference, it is evidence of defendant's knowledge of the conditions, and in light of evidence relating to the jail administrator's alleged responsibility for prisoner medical care,[5] it is sufficient to constitute personal involvement and survive dismissal on those grounds. See Martin v. Sargent, 780 F.2d at 1338.

Finally, however, in regard to plaintiff's claim of deliberate indifference to his chest pains, there is no effective allegation and no evidence to establish that defendant Rogers had actual knowledge of real or potential medical problems on which he should have responded with further action. Furthermore, there is no indication that Rogers facilitated, approved, condoned, or turned a blind eye to the reports or conduct of subordinates, as necessary to

---

[3] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Duane Rogers, pp. 13-14. [Docket No. 30].

[4] Id., para. 16. [Docket No. 30].

[5] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Jennifer Weg, Exh. No. 1. [Docket No. 30].

establish supervisory liability. Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994). Plaintiff's amended complaint should be dismissed for lack of personal involvement by the defendant to the extent that claims arise out of alleged indifference to chest pains experienced by plaintiff while he was a prisoner at the Nobles County Jail.

**Eighth Amendment Constitutional Violations**

Prisoner claims of inadequate medical treatment are analyzed under the Eighth Amendment standards prohibiting cruel and unusual punishment. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106; 97 S.Ct. 285, 292 (1976); Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). In the context of a claim of inadequate medical care, the prisoner must demonstrate more than medical negligence. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). The "deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain." Jorden v. Farrier, 788 F.2d 1347, 1348 (8th Cir. 1986). A serious medical need is a need that has been diagnosed as requiring treatment or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

Plaintiff in this action alleges deliberate indifference based upon a jail administrator's failure to obtain prompt dental care for an painful abscessed tooth, failure to obtain treatment for a painful ear infection, and denying him access to a professional diagnosis of his condition in relation to chest pains. With respect to any of these complaints plaintiff has offered little more than conclusory and self-serving allegations which are not supported by fact evidence other than his own assertions of pain. Of course, it is the nature of subjective

complaints such as pain that they be uniquely within the experience and knowledge of the plaintiff and therefore ought to be credited as evidence supporting the claim and must be considered in the light most favorable to the plaintiff. However, failure to treat a medical condition is not punishment under the Eighth Amendment unless officials knew that the condition created excessive risk to the prisoner's health and then failed to act on that knowledge. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Prison officials may exhibit deliberate indifference by intentionally denying or delaying access to medical care, Dulany at 1239, but mere negligence is insufficient to rise to a constitutional violation. Id. citing Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 281-92 (1976). In order to survive summary judgment plaintiff must present *prima facie* evidence to demonstrate (1) that he had objectively serious medical needs and (2) that defendant actually knew of but deliberately disregarded those needs. Dulany at 1239, citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997).

As noted above plaintiff offers essentially no objective evidence of serious medical need with respect to any of his medical or dental conditions. A serious medical need is a need that has been diagnosed by a physician as requiring treatment or that is so obvious that the necessity for professional attention would be easily recognized by a layperson. Coleman at 784, citing Camberos v. Branstad, 73 F.3d at 176. The objective evidence that is contained in the record either fails to substantiate plaintiff's claims or largely contradicts plaintiff's contentions with respect to each of his conditions. That is not to say that those conditions did not exist or that Mr. DeNoyer did not experience any pain whatsoever. The evidence merely indicates that seriousness of the conditions does not rise to the level of an Eighth Amendment violation.

**Dental Complaint.** In regard to the abscess tooth pain, the only evidence that may be construed as diagnostic evidence is the fact that the tooth was pulled on January 6, 1998, during an appointment that had been scheduled on December 10, 1997.[6] Plaintiff contends that the severity of the dental condition was obvious because the toothache had been reported and noted on an intake screening form.[7] He further alleges that he made follow-up inquiries about a dental appointment, but was merely advised that the appointment had been made for a "tomorrow" which came and went without relief being provided. He contends that the condition caused him to stay awake nights and made eating difficult and painful. Finally, he asserts that dental pain medications were available but not provided to him. There is objective evidence to establish that jail officials, including the defendant, knew that plaintiff had a dental problem that required attention, but there is no evidence that any jail official was ever advised or made aware of the level of pain plaintiff might have been experiencing.

As previously indicated, a dental appointment was made on December 10, 1997, when plaintiff indicated that he wanted a tooth pulled. Defendant contends that he was not aware that plaintiff was suffering from any significant pain from his tooth problem and further argues that the delay in obtaining dental services was not inappropriate where there was only one dentist in the local area who would treat the prisoner and the less than six week delay between intake and the appointment is not uncommon, even with regard to dental services for the general public. These particular arguments are valid only when considered in the context of the jail official's

---

[6] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Duane Rogers, Exh. No. 7. [Docket No. 30].

[7] Id., Exh. No. 6 [Docket No. 30].

knowledge of the severity of the pain. A three week delay in dental care can support a finding of Eighth Amendment violation if coupled with knowledge of the prisoner's suffering. Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) citing Patterson v. Pearson, 19 F.3d 439 (8th Cir. 1994). However, the knowledge element is crucial and in Boyd v. Knox such knowledge was evidenced by observations that the patient's mouth was so swollen he could barely open it and pus oozed from the infection in an impacted wisdom tooth. In the present case there is no similar showing of obvious symptoms that would mandate an inference of extreme pain. Though plaintiff inquired as to time of his appointment, the evidence does not necessarily show that he needed immediate emergency attention, or that the wait until January 6, 1998, was a patently unreasonable or intentional delay. Despite his argument to the contrary, plaintiff does not make a showing that his physical condition was such that even a layman would have recognized the necessity for prompt treatment. Essentially, the evidence does not suggest the existence of any extreme pain, excessive risk to the prisoner's health, or substantial risk of serious harm being faced by the prisoner, and certainly does not indicate that defendant Rogers was either actually or constructively aware of such a risk. Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997). Under the circumstances presented in this instance, plaintiff cannot show deliberate indifference to a serious medical need rising to the level of an unnecessary and wanton infliction of pain and his claim of Eighth Amendment violation relating to a dental problem should be dismissed.

**Ear Infection.** Plaintiff's next claim is that defendant violated his Eighth Amendment rights through deliberate indifference to an ear infection and resulting pain. Again, the survival of the claim rests upon plaintiff's showing of an objectively serious medical need that defendant knew about and deliberately disregarded. With regard to this claim, however,

there is undisputed evidence to show that plaintiff received the prompt attention of a physician, Dr. Nalla, on April 7, 1998, the day after first reporting an ear ache to a public health nurse.[8] Plaintiff was thereafter provided medication, including ear drops, which he took for approximately ten days.[9] It is plaintiff's contention that his ear infection was not resolved, and he continued to suffer ear pain until receiving additional treatment at MCF-St. Cloud, where he was transferred on August 18, 1998. Plaintiff makes no claim that he requested a return visit to the doctor, and there is no evidence or allegation to the effect that Dr. Nalla knew that the initial treatment had not been fully successful. As factual support for the claim plaintiff relies exclusively upon his assertion that he complained to jail officials about his ear infection on a daily basis. Defendant, on the other hand, states that he was never personally advised of any continuing ear problems, and jail log books contained no notations of complaints after the period of medication.[10] While the absence of a documented record of a prisoner's complaints may not be dispositive with regard to whether such complaints were made, and does not necessarily signal resolution of a factual dispute, defendant has submitted unrefuted evidence which effectively undermines plaintiff's already indefinite fact submissions. On June 4, 1998, Mr. DeNoyer was again visited by Public Health Nurse Jennifer Weg,[11] this time with respect to chest pains. This

---

[8] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Jennifer Weg, para. 7, Exh. No. 3. [Docket No. 30].

[9] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Duane Rogers, Exh. No. 9. [Docket No. 30].

[10] Id., para. 16. [Docket No. 30].

[11] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Jennifer Weg, para. 8, Exh. No. 4. [Docket No. 30].

meeting took place approximately six weeks after plaintiff had completed the medication regimen for his ear infection, and he made no complaint of continuing or persistent ear problems.[12] This observation is particularly noteworthy in light of Jennifer Weg's demonstrated ability to obtain prompt medical attention for plaintiff's ear infection in the first instance and the fact that the earlier referral was explicitly noted in the nurse's June 4, 1998, notes. Furthermore, the prisoner has expressly asserted his confidence that the nurse would document whatever symptoms he was experiencing, thereby providing support for any future claims,[13] and during that time he was allegedly suffering from ear infection and pain.[14] The June 4, 1998, meeting also indicates that the public health nurse was reasonably accessible and responsive to prisoner complaints of significant health problems. Despite plaintiff's awareness of the nurse's accessibility, there is no evidence that he sought her attention or assistance for ear infection issues during his remaining time at the Nobles County Jail. Under these circumstances plaintiff fails to present sufficient evidence to show the existence of a genuine issue of material fact such that a fact-finder could determine either that plaintiff actually had a serious medical need or that defendant knew about and deliberately disregarded medical needs arising out of an ear infection. Defendant's motion for summary judgment should be granted with respect to claims of an Eight Amendment violation relating to ear infection.

---

[12] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Jennifer Weg, para. 8, Exh. No. 4. [Docket No. 30].

[13] Plaintiff's Amended Complaint, Statement of Claim, para. 10. [Docket No. 11]. Plaintiff makes this assertion in regard to his claim or chest pains, but in reference to the June 4, 1998, meeting with Jennifer Weg.

[14] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Erin Munson, Deposition of James DeNoyer, pages 78-80, Exh. No. 11. [Docket No. 30].

**Chest Pains.** Plaintiff's third and final claim is that defendant showed reckless disregard for his Eighth Amendment rights by essentially ignoring his repeated complaints of chest pains and refusing to address the classic signs of heart attack. Among the crucial flaws in this purported cause of action is plaintiff's inability to factually allege that he actually had a heart attack or any other heart-related problem or disease.[15] Despite the lack of treatment, he no longer experiences chest pains, and himself believes that they related to stress arising out of his recent conviction and imminent transfer to prison.[16] Plaintiff simply has not demonstrated either an actual or imminent injury in fact, Dulany v. Carnahan, 123 F.3d 1234, 1244 (8th Cir. 1997), and although "a remedy need not await a tragic event," id., quoting Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481 (1993), plaintiff must be able to identify a known and unreasonable risk from which serious damage to future health is imminent. Dulany an 1244. In this instance the prisoner was seen by the public health nurse on June 4, 1998, in reference to his chest pain and his concerns about heart attack. He was advised to promptly notify jail staff of any increase in pain and responded that "[he] just wanted to ask, and tell [the nurse] about this." At that time there were no obvious indications of any condition relating to the chest pain and it appeared that plaintiff was interested in obtaining information rather than getting treatment for a legitimate and current health problem.[17] In any event, the evidence relating to this claim does not approach a *prima facie* case of unnecessary and wanton infliction of pain. Estelle v. Gamble,

---

[15] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Erin Munson, Deposition of James DeNoyer, page 72, Exh. No. 11. [Docket No. 30].

[16] Id., page 80. [Docket No. 30].

[17] Defendant Roger's Summary Judgment Motion Exhibits, Affidavit of Jennifer Weg, para. 8, Exh. No. 4. [Docket No. 30].

97 S.Ct. 285, 291 (1976). Plaintiff has not sufficiently stated a cause of action for violation of the Eighth Amendment arising out of defendant's failure to provide proper attention to chest pains and defendant's motion for summary judgment dismissing the claim should be granted.

## CONCLUSION

Defendant in this matter is not entitled to immunity based upon lack of personal involvement and his defense of qualified immunity does not apply in this instance because he is effectively sued in his official capacity only. However, plaintiff has not alleged facts, and has not rebutted evidence favorable to the defendant as necessary to establish a *prima facie* case of deliberate indifference to plaintiff dental and/or medical needs and thereby avoid dismissal by summary judgment. Defendant's actions or inactions with respect to medical treatment for plaintiff's dental pain, ear infection, and chest pains were not in violation of plaintiff's Eighth Amendment right to be protected from cruel and unusual punishment.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the Magistrate Judge **recommends** that defendant's motion for summary judgment [Docket No. 28] be **granted**, and plaintiff's complaint be dismissed with prejudice.

Dated: 8/31/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 12, 2001.